O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

Plaintiff,

v.

$76,590.00 IN U.S. CURRENCY,

Defendants.

Case No. EDCV 12-00708 VAP (SPx)

**ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

**[Motion filed on February 4, 2013]**

Before the Court is a Motion for Default Judgment (Doc. No. 13) ("Motion") filed by Plaintiff United States of America ("Plaintiff" or the "Government") against the interests of Samuel Naranjo ("Samuel"), Silva Naranjo ("Silva"), and all other potential claimants to Defendant $76,590.00 in United States currency (the "Defendant currency"). The Court finds the Motion appropriate for resolution without a hearing, and VACATES the hearing set for March 4, 2013. See Fed. R. Civ. P. 78; Local Rule 7-15. After consideration of the papers in support of the Motion, the Court GRANTS the Motion.

On May 4, 2012, Plaintiff filed a Complaint for Forfeiture (Doc. No. 1) ("Complaint") of Defendant currency seized from the vehicle of claimant Silva Naranjo on September 17, 2011. The Defendant currency was seized by members of the Riverside County Sheriff's Officer ("RSO") from a vehicle being driven by Silva, with Samuel as a passenger; the seizure was later adopted by the United States Drug Enforcement Administration ("DEA"). (Compl. ¶ 5.) Based on information obtained by DEA agents and RSO investigators, Plaintiff alleges that both claimants are couriers for the Victor Zapien drug trafficking organization ("Zapien DTO") and that Defendant currency is traceable to an illegal exchange of controlled substances. (See generally Compl.) Neither claimant has filed a timely claim or answer to Plaintiff's Complaint, and the Clerk entered default against the interests of Samuel, Silva, and all other potential claimants on January 2, 2013. (See Doc. No. 12).

Local Rule 55-1 provides that an application for default judgment must be accompanied by a declaration in compliance with Federal Rule of Civil Procedure 55(b) setting forth: (1) when and against what party the default was entered; (2) the identification of the pleading to which default was entered; (3) whether the

defaulting party is an infant or incompetent person, and if so, whether that person is represented by a general guardian, committee, conservator, or other representative; (4) that the Servicemembers Civil Relief Act does not apply; and (5) that notice has been served on the defaulting party if required by Federal Rule of Civil Procedure 55(b)(2). Plaintiff has satisfied the requirements of Local Rule 55-1. (See Declaration of Jonathan Galatzan ¶¶ 11-15.)

Civil forfeiture actions are governed by the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). (Supp. Rule A(1)(b).) The Government has satisfied the requirements of the Supplemental Rules.

First, the Complaint must be verified, provide adequate specificity regarding the property seized, explain the subject-matter jurisdiction over the property, identify the statute under which the forfeiture action is brought, and "state sufficiently detailed facts to support a reasonable belief that the government will be able to meet its burden of proof at trial." (Supp. R. G(2).) Plaintiff has satisfied its burden of stating its claim with adequate specificity in the Complaint. The Complaint is verified by DEA agent Keelin Tully, and it states the Court's subject-matter jurisdiction over the

action under 28 U.S.C. §§ 1345 and 1355. See 28 U.S.C. § 1345 ("[T]he district courts shall have original jurisdiction of all civil actions, suits or proceedings commenced by the United States . . . .") The Complaint also identifies the statute under which the forfeiture action is brought, and states sufficiently detailed facts to support a reasonable belief that it would meet its burden of proof at trial.[1]

Moreover, the Government has complied with the published notice requirement under Supplemental Rule G(4) by posting notice of the seizure, forfeiture, and claim proceedings on the official government forfeiture website (www.forfeiture.gov) for thirty consecutive days beginning on August 22, 2012. (Mot. at 3; Ex. B to Galatzan Decl.) The published notice described the Defendant currency, stated the times in which to file a claim or an answer, and provided Galatzan's name as the relevant government attorney. (Id.)

The Government is also required to notify "any person who reasonably appears to be a potential claimant on the facts known to the government." (Supp. R. G(4)(b)(i).) The notice "must be sent by means reasonably calculated

[1] Under the Civil Asset Forfeiture Reform Act of 2000 ("CAFRA"), which applies to this case, the government must prove by a preponderance of evidence that the property is subject to forfeiture. 18 U.S.C. § 983(c)(1).

to reach the potential claimant" and "may be sent to the potential claimant or to the attorney representing the potential claimant with respect to the seizure of the property or in a related investigation, administrative forfeiture proceeding, or criminal case." (Supp. R. G(4)(b)(iii).) The Government has complied with the personal notice requirements. The Government sent notices to both claimants with a claim letter describing the Defendant currency seized and giving notice as to the time within which a claim and answer were required to be filed. (Mot. at 4-5; Gatzlan Decl ¶¶ 5, 7) Copies of the Complaint and the notice of seizure were also provided. (Id.)

Therefore, the Court finds that the Government has complied with the Supplemental Rules.

In applying the Eitel factors here, the Court finds the Government is entitled to entry of default judgment.[2] First, the Government would be prejudiced if it had to

[2] In exercising its discretion to grant or deny an application for default judgment, the Court considers the following factors: (1) the possibility of prejudice to plaintiff if relief is denied; (2) the sufficiency of the complaint; (3) the substantive merits of the plaintiff's claim; (4) the amount of money at stake; (5) the possibility of a dispute as to material facts; (6) whether the default was the result of excusable neglect; and (7) the strong policy of the Federal Rules that favors decisions on the merits (collectively, "Eitel factors"). Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986).

continue litigating this action in which no claimants have appeared. For the second and third factors, the Complaint states with adequate detail the basis for the seizure of the Defendant currency and the forfeiture, as well as providing the statutory basis for its claim over the Defendant currency.

Fourth, the amount of money in dispute here is not large enough to warrant the denial of the Government's motion. Fifth, the likelihood of a dispute as to the material facts appears to be low. Sixth, due to the Government's compliance with the extensive notice requirements, it does not appear that the claimants can claim excusable neglect. Finally, in light of the above considerations, the policy of the Federal Rules that favors decisions on the merits does not weigh against entry of default judgment here.

For the foregoing reasons, the Courts GRANTS Plaintiff's Motion for Default Judgment against Samuel Naranjo, Silvia Naranjo, and all other potential claimants to Defendant currency. All right, title and interest of potential claimants Samuel Naranjo and Silvia Naranjo and all other potential claimants in the

Defendant currency are condemned and forfeited to Plaintiff United States of America.

Dated: February 25, 2013

VIRGINIA A. PHILLIPS
United States District Judge